UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEHABAE WORJLOH

                         Petitioner,

    -against-

UNITED STATES OF AMERICA,

                         Respondent.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-1650 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Gehabae Worjloh brings this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. Worjloh was convicted in 2005 for his role in a cocaine and crack distribution conspiracy, and for illegal possession of a firearm. He now challenges that conviction on the grounds that he received ineffective assistance of counsel at trial in violation of the Sixth Amendment. Worjloh argues that his lawyer rendered ineffective assistance by failing to object to a jury instruction stating that Worjloh's interest in the outcome of the proceeding created a motive to testify falsely. Worjloh also moves for an evidentiary hearing, leave to depose his trial counsel, and for appointed counsel to assist with the requested hearing and deposition. For the reasons set forth below, the Petition and Worjloh's requests for an evidentiary hearing, discovery, and appointed counsel are DENIED.

I.    **BACKGROUND**

After a jury trial in this court, Worjloh was convicted on April 26, 2005, for conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; distribution and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and

1

841(b)(1)(B); and unlawful possession of a firearm, in violation of 18 U.S.C. § 924(c)(1). (Pet. (Dkt. 1) at 1.) The evidence against Worjloh included inculpatory statements he made following his arrest and testimony from three accomplice witnesses describing Worjloh's participation in the charged conspiracy. (Gov't. Opp'n. (Dkt. 3) at 4.) The Government also introduced items seized from Worjloh's home, including a 9mm Ruger handgun, 165 ziplock bags of crack cocaine, drug packaging materials, and an electronic scale. (Id.) Worjloh testified in his own defense, denying any involvement in the alleged drug activity. (Pet. at 12; Pet'r. Mem. (Dkt. 1) at 7.) After two days of deliberation, the jury returned a verdict of guilty on all charges. (Pet. at 2.)

Worjloh appealed his conviction to the Second Circuit Court of Appeals. United States v. Worjloh, 546 F.3d 104 (2d Cir. 2008). Worjloh argued on direct appeal that he was deprived of a fair trial because this court instructed the jury that a criminal defendant may be motivated to provide false testimony.[1] Id. at 110. The portion of the charge to which Worjloh objected stated:

> No defendant is obligated to call witnesses on his behalf, nor is he obligated to testify on his own behalf, but he is permitted to do so. In this case, the defendant decided to testify. Obviously, the defendant has a deep personal interest in the result of the prosecution; indeed, it is fair to say that the defendant has the greatest interest in its outcome. Interest creates a motive for false testimony and a defendant's interest in the result of his trial is of a character possessed by no other witness. In appraising the defendant's credibility, you may take that fact into consideration. However, I want to say this with equal force to you—it is [sic] by no means follows that simply because a person has a vital interest in the end result that he is not capable of telling a truthful and straightforward story. It is for you to decide what extent if at all the defendant's interest has affected or colored his testimony.

(Trial Tr. 1020-21.)

Since Worjloh did not contemporaneously object to the jury instruction, the Second Circuit reviewed his claim for plain error. Worjloh, 546 F.3d at 110. The court began its

---

[1] Worjloh also challenged certain evidentiary rulings and the reasonableness of his sentence. Worjloh, 546 F.3d at 106.

2

analysis by noting that, subsequent to Worjloh's trial, it had concluded that a similar instruction "burdened a defendant's right to remain silent." Id. (citing United States v. Gaines, 457 F.3d 238, 246-47 (2d Cir. 2006)). Assuming without deciding that the challenged instruction was erroneous in light of Gaines, the Second Circuit nevertheless held that it did not constitute plain error under Federal Rule of Criminal Procedure 52(b) because Worjloh's substantive rights were unaffected. Id. ("Given [the] strong evidence of guilt, we believe it highly unlikely that the challenged instruction improperly influenced the jury."). The Second Circuit thus affirmed this court's judgment.[2] Id. at 111. Worjloh timely filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on June 14, 2010. Worjloh v. United States, 130 S. Ct. 3434 (2010).

Worjloh filed the instant Petition on March 29, 2011, pursuant to 28 U.S.C. § 2255, asking this court to vacate his conviction and grant a retrial, or alternatively to vacate his sentence and resentence him to time served. (Pet. at 11.) The sole basis for Worjloh's Petition is that he purportedly received ineffective assistance at trial because his counsel did not object to the interested witness charge.[3] (Pet. at 4.) Worjloh argues that his counsel "knew or should have known" that the jury charge was erroneous because it undermined the presumption of innocence to which he was entitled. (Pet'r. Mem. at 3.) Moreover, Worjloh suggests that "[b]ut for counsel's performance, there is a reasonable probability that the outcome of the proceedings

---

[2] The Court of Appeals also vacated Worjloh's sentence and remanded for resentencing "to allow the district court to determine whether it would impose a different sentence given its discretion to depart from the [Sentencing] Guidelines for crack cocaine." Worjloh, 546 F.3d at 111 (citing Kimbrough v. United States, 552 U.S. 85 (2007); United States v. Regaldo, 518 F.3d 143 (2d Cir. 2008)). On January 14, 2010, this court reduced Worjloh's sentence from 360 months of imprisonment to 240 months of imprisonment. Criminal Docket, United States v. Worjloh, No. 03-cr-240 (NGG) (E.D.N.Y.), Dkt. 160.

[3] Although Worjloh's ineffective assistance of counsel claim was not raised on direct appeal, it is not procedurally barred. Massaro v. United States, 538 U.S. 500, 509 (2003) ("[F]ailure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a . . . proceeding under § 2255.").

3

would have been different," because the jury's verdict hinged on the credibility of his testimony. (Pet. at 14; Pet'r. Mem. at 23.) Worjloh also contends that he was prejudiced on his direct appeal because if his counsel had objected to the jury instruction, the Second Circuit would have reviewed it de novo and ruled in his favor. (Pet'r. Mem. at 7, 9.) Finally, Worjloh seeks leave to depose his trial counsel, asks this court to hold an evidentiary hearing, and requests appointment of counsel to assist with the hearing and discovery, pursuant to Rules 6 and 8 of the Rules Governing § 2255 Proceedings for the United States District Courts. (Pet. at 15.) The Government filed an opposition (Gov't. Opp'n.) and Worjloh replied (Pet'r. Reply (Dkt. 7)).

## II. STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy ... the Assistance of Counsel for his defense." U.S. Const. amend VI. "The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding." Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). To establish a claim based on ineffective assistance of counsel, a petitioner must satisfy the stringent two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). See, e.g., Williams v. Taylor, 529 U.S. 362, 390 (2000).

First, under Strickland's "performance" prong, a petitioner must show that trial counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms." 466 U.S. at 688. A "counsel's failure to object to a jury instruction ... constitutes unreasonably deficient performance only when the trial court's instruction contained 'clear and previously identified errors.'" Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) (quoting Bloomer v. United States, 162 F.3d 187, 193 (2d Cir. 1998). "In considering the reasonableness of counsel's failure to object, [the court] 'indulge[s] a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance.'" Cox v. Donnelly, 387 F.3d 193, 198 (2d Cir. 2004) (quoting Strickland, 466 U.S. at 689).

Second, under Strickland's "prejudice" prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding"; rather, he must show "a probability sufficient to undermine confidence in the outcome." Id. at 693-94. A habeas petitioner can show that he was prejudiced by his counsel's failure to object to a jury charge if

> (1) there is a reasonable likelihood that the District Court would have changed the instruction had his counsel objected, and that Petitioner would have been acquitted on the revised charge; or (2) that, had his counsel preserved the objection and the District Court not modified the charge, there is a reasonable likelihood that the Second Circuit would have found the instruction to contain non-harmless error.

Giovannelli v. United States, No. 07-CV-3069 (JSR) (THK), 2007 WL 4190787, at *8 (S.D.N.Y. Nov. 27, 2007) (Report and Recommendation adopted by order dated Feb. 15, 2008).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel Claim

For the reasons that follow, Worjloh has not satisfied either prong of the Strickland test and has therefore failed to establish a Sixth Amendment violation.

##### 1. *Strickland*'s Performance Prong

Worjloh is unable to show that his counsel's failure to object "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

Relying heavily on Gaines, which was decided fifteen months after his trial, Worjloh argues that "it is clear beyond peradventure that counsel knew or should have known" that the

5

interested witness charge used at his trial was error. (Pet'r. Mem. at 3). In Gaines, the Second Circuit held that "an instruction that the defendant has a motive to testify falsely undermines the presumption of innocence" and that this defect is "not cured by a further charge that a defendant can still be truthful." Gaines, 457 F.3d at 246-47. See also United States v. Brutus, 505 F.3d 80, 87 (2d Cir. 2007) (finding instruction that defendant's interest created motive to testify falsely was erroneous, despite omission of additional language suggesting that jurors carefully scrutinize defendant's testimony). But in prohibiting the future use of such instructions, the court in Gaines "recognize[d] that our precedents in this area include cases that find no error in similar jury instructions so long as the 'motive to lie' charge is 'balanced' by a further instruction that the motive does not preclude the defendant from telling the truth." 457 F.3d at 246. Indeed, at the time Worjloh was tried in April 2005, interested witness charges relating to the testimony of criminal defendants were widely given, and their legitimacy had been affirmed by the Second Circuit just three months earlier. See United States v. Jackson, 126 F. App'x 5, 6 (2d Cir. 2005) ("We have long recognized that a trial court may instruct a jury that a criminal defendant has an interest in the outcome of a case that gives him a motive to lie, provided that the court also instructs the jury that, despite this motive, the witness may nevertheless tell the truth." (citing United States v. Gleason, 616 F.2d 2, 15-16 (2d Cir.1979); United States v. Floyd, 555 F.2d 45, 47 & n.4 (2d Cir.1977); United States v. Tolkow, 532 F.2d 853, 859 (2d Cir.1976); United States v. Martin, 525 F.2d 703, 706 (2d Cir.1975); United States v. Mahler, 363 F.2d 673, 678 (2d Cir.1966); United States v. Sullivan, 329 F.2d 755, 756-57 (2d Cir.1964))); Rodriguez v. Brown, No. 11-CV-1246 (BMC), 2011 WL 4073748, at *4 (E.D.N.Y. Sept. 13, 2011) ("Prior to [2006] . . . in the federal district courts within the Second Circuit, it was common to use interested

witness instructions when defendants testified; both the Second Circuit and the Supreme Court had upheld various versions of the instruction on a number of occasions.").

The interested witness charge at issue here was squarely in line with case law at the time it was given. The jury was told that, "[it] by no means follows that simply because a person has a vital interest in the end result that he is not capable of telling a truthful and straightforward story." (Trial Tr. 1021-22.) Indeed, that instruction was nearly identical to those explicitly affirmed in prior cases. See, e.g., Martin, 525 F.2d at 706; and Tolkow, 532 F.2d at 859 n.3. Therefore, counsel's failure to object was not objectively unreasonable because the instruction did not contain a "clear and previously identified error." Aparicio, 269 F.3d at 99; see also Rodriguez, 2011 WL 4073748, at *4 ("Petitioner's trial counsel did not need to anticipate Gaines, for a trial lawyer is not required to have a crystal ball and predict changes in the law in order to render effective assistance.").

2. *Strickland*'s Prejudice Prong

Even if counsel's failure to object had been unreasonable, Worjloh would be unable to show that he was prejudiced by this error.

First, Worjloh argues that he was prejudiced at trial because the jury's deliberations hinged on the credibility of his testimony. (Pet'r. Mem. at 8.) To support this proposition, Worjloh suggests that the "jury displayed a significant uncertainty about [his] guilt," as evidenced by: (1) its request for transcripts of his testimony; (2) one juror's request to be removed because he was unable to convict based upon the evidence; and (3) the fact that after two days of deliberation, this court charged the jury to continue deliberating, pursuant to Allen v. United States, 164 U.S. 492, 501-02 (1896), before the jury delivered its unanimous verdict. (Pet. at 13; Pet'r. Mem. at 2, 7-8.).

Such speculation does not amount to a "probability sufficient to undermine confidence in the outcome," as is required by Strickland.[4] Nor does it satisfy the test laid out in Giovannelli. Had Worjloh's counsel objected to the interested witness charge, the objection would have likely been overruled because it was consistent with Second Circuit case law at the time. And even if the objection had been sustained and the instruction modified, there is no reasonable likelihood that the jury would have voted to acquit given what the Second Circuit described as "overwhelming evidence of Worjloh's guilt." Worjloh, 546 F.3d at 110. "That evidence included his inculpatory statements, physical evidence linking Worjloh to the seized narcotics and firearms, and the powerful testimony of several cooperating witnesses." Id.

Next, Worjloh contends that the Second Circuit would have vacated his conviction if it had reviewed the challenged jury instructions de novo rather than for plain error, as it was required to do because of counsel's failure to object. (Pet'r. Mem. at 9-10). This argument is also without merit.

The Second Circuit reviews "challenged jury instructions *de novo*, reversing only if the charge, taken as a whole, was prejudicial." Brutus, 505 F.3d at 85 (citing United States v. Bok, 156 F.3d 157, 160 (2d Cir. 1998)). Under the de novo standard, the appellate court considers whether the challenged instruction was erroneous, and if so, whether the error was harmless. Brutus, 505 F.3d at 88. An error is harmless if there is no reasonable possibility that it "'might have contributed to conviction.'" Id. (quoting Fahy v. Connecticut, 375 U.S. 85, 86-87 (1963)).

---

[4] While it is true that courts have occasionally considered the nature of jury deliberations to be indicative of a "close case," this consideration has been limited to situations where the evidence against the defendant was unsubstantial or the jury was deadlocked. See, e.g., Zappulla v. New York, 391 F.3d 462, 471 (2d Cir. 2004) (fact that a jury deliberated for three days and could not reach a verdict suggested that the prosecution's case was weak); United States v. Quiroz, 13 F.3d 505, 512-14 (2d Cir. 1993) (error may have prejudiced proceeding where the evidence against a defendant was "hardly overwhelming" and the jury was deadlocked for three days before finally returning a verdict of guilty after an Allen charge), abrogated on different grounds by United States v. Plugh, 648 F.3d 118, 126 (2d Cir. 2011). Worjloh's case is distinguishable from Zappulla and Quiroz because the jury reached its unanimous verdict in two days and there was "strong evidence of guilt." Worjloh, 546 F.3d at 110.

8

The Second Circuit's decision rejecting Worjloh's direct appeal leaves little doubt that it would have reached the same result on de novo review. Assuming *arguendo* that the Second Circuit would have found the instruction to be erroneous, it would have found no reasonable possibility that this error contributed to Worjloh's conviction given its characterization of the evidence against him as "overwhelming" and "strong." Worjloh, 546 F.3d at 110; see also Brutus, 505 F.3d at 88 (while interested witness charge was error, the error was harmless in light of the substantial evidence against the defendant); c.f. United States v. Spencer, 267 F. App'x 35, 37 (2d Cir. 2008) (finding that interested witness charge was error and that the error was not harmless where the case was close and boiled down to the credibility of the defendant's trial testimony).

Since Worjloh was not prejudiced at trial or on direct appeal by counsel's failure to object to the jury instruction, he is unable to satisfy the second prong of Strickland and his ineffective assistance claim must fail.

### B. Motions for Evidentiary Hearing, Further Discovery, and Appointed Counsel

Worjloh argues that this court is required to hold an evidentiary hearing so that counsel may be given "the chance to explain his inaction at trial in the face of a jury instruction that has been advised against and denounced for over a century." (Pet'r. Reply at 9 (citing Cox, 387 F.3d at 201).) In Cox, the Second Circuit recognized its prior holdings requiring that a counsel found to be incompetent be given "an opportunity to explain his deficient performance." 387 F.3d at 201 (citing Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998); see also United States v. Dukes, 727 F.2d 34, 41 n.6 (2d Cir. 1984) (directing the district court to allow counsel the opportunity to testify before determining whether counsel was incompetent). However, no such testimony is required here because the court has determined that, even if counsel had performed

inadequately, Worjloh suffered no prejudice from such performance. Thus, Worjloh is not entitled to an evidentiary hearing. See Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (an evidentiary hearing is only warranted if petitioner has established a plausible claim for ineffective assistance of counsel); Rule 4(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts ("If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.").

For similar reasons, since the court is capable of deciding the instant Petition based on the record and the parties' submissions, there is no need for Worjloh's counsel to be deposed. See Donato v. United States, No. 09-CV-5617 (NGG), 2012 WL 4328368, at *7 (E.D.N.Y. Sept. 20, 2012). Worjloh's motion for appointment of counsel to assist with discovery and a hearing is therefore moot. See DeCarlo v. United States, No. CV-04-1438 (CPS), 2008 WL 141769, at *8 (E.D.N.Y. Jan. 14, 2008).

## III. CONCLUSION

For the foregoing reasons, Worjloh's Petition for Writ of Habeas Corpus, and his motions for a hearing, discovery, and appointment of counsel are DENIED. And because Worjloh has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c). The Clerk of Court is directed to enter

judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
November 19, 2012

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge